UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| AMERICAN TACK & HARDWARE CO. INC., <br><br> Plaintiff, <br><br> v. <br><br> SNAPRAYS, LLC dba SNAPPOWER, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [22] COUNTERCLAIM DEFENDANT'S MOTION TO DISMISS** <br><br> Case No. 2:25-cv-00603-DBB-JCB <br><br> District Judge David Barlow |
| SNAPRAYS, LLC dba SNAPPOWER, <br><br> Counterclaimant, <br><br> v. <br><br> AMERICAN TACK & HARDWARE CO. INC., <br><br> Counterclaim Defendant. | |

Before the court is Counterclaim Defendant American Tack and Hardware Co. Inc.'s ("American Tack") Motion to Dismiss[1] Counts XI and XII[2] of Counterclaimant SnapRays, LLC's ("SnapPower") Amended Counterclaim.[3]

---

[1] Motion to Dismiss ("MTD"), ECF No. 22, filed Nov. 4, 2025.
[2] The Amended Counterclaim mistakenly lists both these counts as "Count XI," but the court will refer to the second of these counts, for infringement of the '814 Patent, as Count XII.
[3] Amended Counterclaim, ECF No. 17, filed Oct. 21, 2025.

1

## BACKGROUND

This case involves disputes regarding patents for power outlet receptacle covers. In its Complaint, American Tack alleges that SnapPower makes and sells receptacle covers that infringe on various patents owned by American Tack.[4] In its Amended Counterclaim, SnapPower alleges, among other things, that American Tack's products infringe two of SnapPower's patents, U.S. Patent 9,035,180 (the "'180 Patent") and U.S. Patent 9,899,814 (the "'814 Patent").[5] American Tack has moved to dismiss SnapPower's counterclaims for infringement of the '180 Patent and the '814 Patent on the grounds that SnapPower has already asserted these exact claims in cases that are currently pending before courts in the Northern District of Texas and the Eastern District of Texas.[6]

## STANDARD

"Dismissal under Rule 12(b)(6) is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face."[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] "In evaluating a motion to dismiss, the court must take as true all well-pleaded facts, as distinguished from conclusory allegations, view all reasonable inferences in favor of the

---

[4] *See generally* Compl., ECF No. 2, filed July 23, 2025.
[5] Amended Counterclaim 23, 25.
[6] MTD 1.
[7] *Abdi v. Wray*, 942 F.3d 1019, 1025 (10th Cir. 2019) (citing *United States ex rel. Reed v. KeyPoint Gov't Sols.,* 923 F.3d 729, 764 (10th Cir. 2019)).
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

nonmoving party, and liberally construe the pleadings."[9] Conclusory statements and legal conclusions are "not entitled to the assumption of truth."[10]

Generally, "a motion to dismiss should be converted to a summary judgment motion if a party submits, and the district court considers, materials outside the pleadings."[11] However, courts may also consider "documents that the complaint incorporates by reference,"[12] "documents attached as exhibits to the complaint,"[13] and "matters of which a court may take judicial notice,"[14] including "facts which are a matter of public record."[15]

## DISCUSSION

### I.   Judicial Notice of Other Federal Litigations

In its Motion to Dismiss, American Tack contends that the '180 Patent and '814 Patent infringement counts in the Amended Counterclaim should be dismissed because they are duplicative of litigation in another federal court and constitute claim splitting.[16] These arguments necessarily rely on material outside the pleadings, namely the relevant filings and orders in the other court Litigations. The Tenth Circuit has explained that "federal courts, in appropriate circumstances, may take notice of Litigations in other courts, both within and without the federal judicial system, if those Litigations have a direct relation to matters at issue."[17] Therefore, for

---

[9] *McNellis v. Douglas Cnty. Sch. Dist.*, 116 F.4th 1122, 1130–31 (10th Cir. 2024) (quoting *Reznik v. inContact, Inc.*, 18 F.4th 1257, 1260 (10th Cir. 2021)) (also quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002)) (cleaned up).
[10] *Iqbal*, 556 U.S. at 1951 (emphasis omitted).
[11] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Prager v. LaFaver*, 180 F.3d 1185, 1188 (10th Cir. 1999)).
[12] *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (citing *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)).
[13] *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).
[14] *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).
[15] *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006).
[16] MTD 1-3.
[17] *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

purposes of this motion, the court will take judicial notice of relevant filings and orders in the two other cases, *SnapRays LLC v. American Tack & Hardware Co. Inc.* No. 3:24-cv-01228-O (N.D. Tex.) ("N.D. Texas Litigation") and *SnapRays, LLC v. The Home Depot, Inc.*, No. 4:24-cv-00463-ALM (E.D. Tex.) ("E.D. Texas Litigation").

## II.  Duplicative Litigation and Claim Splitting

American Tack argues that the court should dismiss SnapPower's '180 and '814 Patent claims as duplicative litigation and claim splitting because SnapPower has asserted those same patent claims against the same allegedly infringing products in both the N.D. Texas Litigation and the E.D. Texas Litigation.[18] SnapPower responds that the court in the N.D Texas Litigation ordered it to reduce its patent claims asserted in that action, resulting in SnapPower dropping the '180 and '814 patents from that case.[19] SnapPower further contends that the parties in the E.D. Texas Litigation have agreed to limit their patent claims to those asserted in the N.D. Texas Litigation.[20] Therefore, the '180 and '814 patents are no longer at issue in either Texas case despite there having been no official amendment to eliminate them from the pleadings.[21]

### A.  Duplicative Litigation Standard

"Federal district courts have the inherent power to administer their dockets so as to conserve scarce judicial resources."[22] "As between federal district courts . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation."[23] Under this principle, if

---

[18] MTD 1–3.
[19] Response to Motion to Dismiss ("Opp'n") 2, ECF No. 23, filed Dec. 2, 2025.
[20] *Id.* at 3.
[21] *Id.*
[22] *Rosiere v. United States*, 650 F. App'x 593, 595 (10th Cir. 2016) (quoting *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995)).
[23] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

two cases "between the same parties on the same cause of action are commenced in two different federal courts, the one which is commenced first is to be allowed to proceed to its conclusion."[24] For an action to be duplicative of another so as to warrant dismissal, the two actions must be "materially on all fours."[25] In other words, "federal courts should decline to hear a case if a previously filed case involving nearly identical parties and issues is being pursued in another federal court."[26]

### B.   Claim-Splitting Standard

Similarly, "[t]he rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit.[27] The test for claim splitting asks "whether the first suit, assuming it were final, would preclude the second suit"[28] Thus, "[c]laim-splitting is analyzed 'as an aspect of res judicata.'"[29] In the Tenth Circuit, res judicata claim preclusion requires "(1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits."[30] Because a claim-splitting analysis assumes the first prong, a court need only consider whether "(1) the parties are the same, and (2) the suits involve the same cause of action."[31] The question of whether the cause of action is the same in cases alleging patent infringement is "particular to

---

[24] *Rosiere*, 650 F. App'x at 595 (quoting *UtahAmerican Energy, Inc. v. Dep't of Labor*, 685 F.3d 1118, 1124 (D.C. Cir. 2012)).
[25] *Id.* (quoting *Cong. Credit Corp. v. AJC Int'l, Inc.*, 42 F.3d 686, 689 (1st Cir. 1994)).
[26] *Alter v. F.D.I.C.*, 57 F. Supp. 3d 1325, 1331 (D. Utah 2014) (quoting *MedSpring Grp., Inc. v. Atl. Healthcare Grp., Inc*., No. 1:05–CV–115, 2006 WL 581018, at *3 (D. Utah 2006)).
[27] *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011).
[28] *Id.* at 1218.
[29] *Semper v. Yellen*, No. 1:22-CV-00107, 2024 WL 1307267, at *1 (D. Utah Mar. 27, 2024) (quoting *Katz*, 655 F.3d at 1217).
[30] *Id.* (quoting *Mitchell v. City of Moore, Okla*., 218 F.3d 1190, 1202 (10th Cir. 2000)).
[31] *Xidrone Sys., Inc. v. Fortem Techs., Inc*., No. 2:24-CV-00080, 2024 WL 4452708, at *2 (D. Utah Oct. 9, 2024).

patent law" and thus is analyzed according to Federal Circuit precedent.[32] Because "[e]ach patent asserted raises an independent and distinct cause of action," claim preclusion generally only applies "when a patentee seeks to assert the same patent against the same party and the same subject matter."[33]

### C. SnapPower's Unselected Claims

Here, SnapPower asserts in its Amended Counterclaim that American Tack's "LumiCover/GloCover Accused Products" infringe SnapPower's '180 and '814 Patents.[34] In the N.D. Texas Litigation, SnapPower likewise asserts that American Tack's LumiCover and GloCover products infringe the '180 and '814 Patents.[35] And in the E.D. Texas Litigation, SnapPower alleged infringement of these same patents by the same accused products against a different defendant, The Home Depot, Inc.[36] However, the court notes that, after briefing concluded on this motion to dismiss, SnapPower dismissed all of its claims in the E.D. Texas Litigation.[37] Its causes of action based on the '180 Patent and '814 Patent were dismissed without prejudice,[38] so that litigation can no longer form a basis for American Tack's motion. The court will consider the parties' arguments only with respect to the ongoing N.D. Texas Litigation.

In its Motion to Dismiss, American Tack does not present any arguments or analysis about SnapPower's other causes of action in the N.D. Texas Litigation that involve the same

---

[32] *Id.* (quoting *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1323 (Fed. Cir. 2008)).
[33] *Senju Pharm. Co. v. Apotex Inc.*, 746 F.3d 1344, 1349 (Fed. Cir. 2014) (quoting *Kearns v. Gen. Motors Corp.*, 94 F.3d 1553, 1555 (Fed. Cir. 1996)).
[34] Amended Counterclaim 23, 25.
[35] *See* N.D. Texas Litigation Complaint, ECF 1 ¶¶ 35, 53.
[36] *See* E.D. Texas Litigation Second Amended Complaint, ECF 20 ¶¶ 50, 65.
[37] *See* E.D. Texas Litigation Voluntary Dismissal, ECF 60 at 1.
[38] *Id.*

accused products but different patents.[39] Instead, it focuses its arguments on SnapPower's "entirely duplicative" '180 and '814 Patent causes of action in the N.D. Texas Litigation.[40] And SnapPower does not contend that its causes of action based on these patents in the N.D. Texas Litigation are different from its '180 and '814 Patent causes of action in this case.[41] Rather, it argues that those causes of action have been dropped in the N.D. Texas Litigation and cannot be the basis for a duplicative litigation or claim-splitting argument because they are only being litigated here.[42]

In the N.D. Texas Litigation, the court noted that SnapPower had originally asserted over 100 claims across seven patents and ordered SnapPower to reduce its claims to a total of twenty.[43] In response to this order, SnapPower provided the twenty claims it had selected to assert in the Litigation.[44] It did not elect to continue asserting any claims related to the '180 Patent or its '814 Patent causes of action.[45] SnapPower argues that, because it did not elect to continue pursuing any '180 or '814 Patent claims in response to a court order, those patents have been effectively dropped from the litigation without a judgment on their merits.[46] Therefore, it is not duplicative to pursue those claims in this court, and a final judgment in the N.D. Texas Litigation would not preclude SnapPower's relevant causes of action in the Amended Counterclaim.[47]

---

[39] *See* MTD.
[40] *Id.* at 2.
[41] *See generally* Opp'n.
[42] *Id.* at 5.
[43] N.D. Texas Litigation Reduction Order, ECF 59 at 1, 3.
[44] N.D. Texas Litigation Claim Reduction, ECF 62 at 2.
[45] *Id.*
[46] Opp'n 6.
[47] *Id.*

7

American Tack disagrees. It responds that, though the court in the N.D. Texas Litigation required SnapPower to reduce its claims, SnapPower never filed a motion to sever or dismiss its unelected claims.[48] Therefore, those claims are still technically pending in the Texas litigation and cannot be brought in this court absent a motion to sever or dismiss.[49] These arguments essentially turn on a single question—what is the status of unselected claims in a patent case? If they are litigated in the N.D. Texas Litigation, then SnapPower's subsequent '180 and '814 Patent claims in this case are entirely duplicative. However, if the claims have been effectively dismissed without prejudice from the N.D. Texas Litigation, then the claims in this case are not duplicative of any other currently pending cause of action.

Claim reduction orders in patent cases largely stem from the Federal Circuit's decision in the case *In re Katz Interactive Call Processing Patent Litigation*. In that case, the Federal Circuit upheld a district court order that required a plaintiff to substantially reduce the number of patent claims asserted against various defendants.[50] After selecting certain claims to proceed, the plaintiff moved to sever the unselected claims, but the motion was denied.[51] The Federal Circuit held that this denial did not violate the plaintiff's due process rights because the district court had implemented a procedure where additional claims could be included if the plaintiff showed that they were not duplicative of other selected claims.[52] But the court specifically declined to clarify the status of unselected claims in a patent case, stating only that the effects of a final judgment

---

[48] Reply in Support of Motion to Dismiss ("Reply") 1, ECF No. 24, filed Dec. 16, 2025.
[49] *Id.*
[50] *In re Katz Interactive Call Processing Pat. Litig.*, 639 F.3d 1303, 1309–11 (Fed. Cir. 2011).
[51] *Id.* at 1310.
[52] *Id.* at 1311.

on unselected claims would "necessarily have to be decided in any such later actions that may be brought."[53]

SnapPower supports its position by citing two cases from the Eastern District of Texas for the proposition that courts generally permit unselected claims to be "severed and asserted in a later action, if necessary."[54] But the issue here is not whether unselected claims may be severed and reasserted with court approval. The issue is whether unselected claims that have not been officially dismissed or severed are still considered live for purposes of duplicative litigation and claim-splitting analyses. Neither party cites any authority on point.

The court was likewise unable to find any Tenth Circuit, Federal Circuit, or District of Utah cases that squarely address the issue. There are, however, cases from the Eastern District of Texas that have done so. Those cases conclude that a "'patentee's voluntary withdrawal of previously asserted patent claims' for the purpose of narrowing a case is treated as a dismissal without prejudice."[55] Therefore, patent claims that are not selected in the claims reduction process are not at issue when a judgment on the merits is entered and are not subsequently barred by res judicata.[56]

The court finds this analysis to be persuasive. As previously noted, "[e]ach patent asserted raises an independent and distinct cause of action."[57] And the Federal Circuit has said that patent claims that are voluntarily withdrawn from a case "do not present a current

---

[53] *Id.* at 1310 n.5.
[54] Opp'n 4.
[55] *Oyster Optics, LLC v. Cisco Sys., Inc.*, No. 2:20-CV-00211-JRG, 2021 WL 1530935, at *5 (E.D. Tex. Apr. 16, 2021) (quoting *Realtime Data LLC v. EchoStar Corporation*, C.A. No. 6:17-CV-00084-JDL, 2018 WL 6267332, at *3 (E.D. Tex. Nov. 29, 2018)) (cleaned up).
[56] *Id.* at *4–5.
[57] *Kearns v. Gen. Motors Corp.*, 94 F.3d 1553, 1555 (Fed. Cir. 1996).

9

infringement controversy" and cannot be subject to a subsequent final judgment.[58] When a plaintiff in a patent case is ordered by the court to select certain claims to prosecute, any unselected patents are no longer at issue. Thus, the claims reduction process is a hybrid: the court orders that the party eliminate some number of its claims, but the party chooses which claims to drop. No adjudication on the merits has occurred on those effectively dismissed claims. This court agrees that such a dismissal would be without prejudice.[59] Because "there is no need to amend a complaint solely to remove claims that have been dismissed,"[60] the unselected claims would not be subject to a final judgment even if they remained in the complaint. They would also not be barred by res judicata.[61] While there may be exceptions to this approach, the record here does not suggest them.

Here, SnapPower's Amended Counterclaim includes '180 and '814 Patent claims that it elected not to pursue in the N.D. Texas Litigation. Because these claims were officially dismissed without prejudice in the E.D. Texas Litigation and are no longer at issue in the N.D. Texas Litigation, they are not duplicative of SnapPower's counterclaims currently before this court. They also do not constitute claim splitting solely by virtue of having also been asserted and then unselected in a separate case.

---

[58] *SanDisk Corp. v. Kingston Tech. Co.*, 695 F.3d 1348, 1353 (Fed. Cir. 2012).
[59] *See Oyster Optics*, 2021 WL 1530935 at *5.
[60] *Erkelens v. Miller Bros. Co.*, No. 2:10-CV-1250 TS, 2011 WL 5237743, at *1 (D. Utah Oct. 31, 2011).
[61] *Santana v. City of Tulsa*, 359 F.3d 1241, 1246 (10th Cir. 2004) ("Generally, a dismissal without prejudice 'is a dismissal that does not operate as an adjudication upon the merits and thus does not have a res judicata effect.'") (quoting *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384 (1990)) (cleaned up).

## ORDER

Counterclaim Defendant's [22] Motion to Dismiss is DENIED.

Signed February 12, 2026.

BY THE COURT

_____
David Barlow
United States District Judge

11